IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

REGINALD BLEDSOE,                  )
                                   )
            Petitioner             )
                                   )
      vs.                          )
                                   )   Civil Action No. 04-1475
JEFFREY BEARD, State Warden,       )   Judge Gary L. Lancaster/
                                   )   Magistrate Judge Francis
            Respondent             )   X. Caiazza
                                   )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Reginald Bledsoe be dismissed and that a certificate of appealability be denied.

### II.  REPORT

Reginald Bledsoe ("Bledsoe" or "the Petitioner"), is an inmate convicted is state court of burglary, aggravated assault and two counts of simple assault. In this federal habeas petition Bledsoe raises a series of issues based upon his trial counsel's purported ineffectiveness.

#### A.  Relevant Factual and Procedural History

Bledsoe, who retained Attorney Sally Frick ("Frick") to represent him as his trial counsel, was tried in one jury proceeding for two different assaults on a girlfriend -one occurring on May 30, 1999 and the second on July 7, 1999. The jury found the Petitioner not guilty of the May 30, 1999 incident

but guilty of the burglary and aggravated assault incident occurring on July 7, 1999. After Bledsoe was sentenced, Frick filed a motion to modify the sentence, which was eventually denied. Next, Frick was dismissed as Bledsoe's counsel and on December 6, 2000, Attorney Paul Gettleman, who was privately retained by the Petitioner, filed a Notice of Appeal in the Pennsylvania Superior Court. Doc. 8, Ex. 6. On January 9, 2001, the trial court issued an order directing the Petitioner to file a Concise Statement of Matters Complained of on Appeal. Id., Ex. 7. See Pa. R. App. P. 1925(b). Attorney Gettleman then filed the Concise Statement setting out the issues which follow:

> 1. The Trial Court erred in joining the two cases for trial.
>
> 2. The Trial Court erred in admitting other crimes evidence into trial which did not relate to the two criminal informations charged.
>
> 3. The Trial Court erred in giving a flight charge to the jury.
>
> 4. Trial counsel was ineffective for not calling the defendant to the witness stand.
>
> 5. Trial counsel was ineffective for not calling character witnesses after the defendant's bad character, in effect, was placed before the jury.
>
> 6. Trial counsel erred in allowing into evidence the fact that defendant's bond was revoked and that he was incarcerated prior to trial.

Doc. 8, Ex. 8 at unnumbered 2-3. In November 2001, the trial

court issued its opinion rejecting Bledsoe's claims. Id. After obtaining several extensions, Attorney Gettleman then filed his brief in the Pennsylvania Superior Court. He raised the following issues:

> 1. Was the Appellant, Reginald Bledsoe, denied effective assistance of counsel where counsel never fully explained and/or advised the Defendant of the plea bargain offered by the Commonwealth; where trial counsel never called good character witnesses after Appellant's bad character was put into issue; where trial counsel did not call Reginald Bledsoe to the Witness Stand; where trial counsel did not object to evidence showing that the Defendant's bond was revoked and he was incarcerated prior to trial?
>
> 2. Did the trial court err in joining two unrelated cases for trial?
>
> 3. Did the trial court Err in admitting other crimes evidence into the trial which did not relate to the two criminal informations charged?

Doc. 8, Ex. 14 at 2. The Superior Court affirmed the judgment of conviction. Id., Ex. 15. Attorney Gettleman filed an application for reargument with the Superior Court, which was denied. Id., Ex. 17. Attorney Gettleman then filed an *allocatur* petition with the Pennsylvania Supreme Court in February 2003, which was denied by that Court in March 2004. Id., Ex. 19.

Next, Bledsoe filed the federal habeas petition now pending in this court through Attorney Gettleman. He raises three issues:

> Petitioner was denied his Sixth Amendment right to counsel pursuant to the United

> States Constitution when [1] trial counsel failed to discuss with Petitioner the prosecution's plea offer, [2] [trial counsel] failed to present mitigating evidence and [3] [trial counsel] prevented petitioner from testifying on his own behalf.

Doc. 1 at unnumbered 5.

## B. Applicable Legal Standards

The Supreme Court has held that habeas relief for errors of law may only be granted in two situations: 1) where the State court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that State court decision "involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States." See Williams v. Taylor, 529 U.S. 362, 404, 405 (2000); see also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000) ("'it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome'" (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888 (3d Cir. 1999))

The issues Bledsoe raises in this habeas petition relate to the ineffectiveness of his trial counsel. All of the issues, except one, were addressed on the merits by the State courts. In disposing of these ineffective assistance claims, the State courts relied upon the test announced in Commonwealth v. Pierce,

4

527 A.2d 973 (Pa. 1987). Doc. 1, Ex. 15, at 4. This standard has been found by the Court of Appeals for the Third Circuit to be materially identical to the test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). See Werts, 228 F.3d at 203.

## C. **Discussion**

### 1. Bledsoe's Procedurally Defaulted Plea Bargain Claim

The first issue Petitioner raises is that his trial counsel was ineffective because she failed "to discuss with him the prosecution's plea offer." Doc. 1 at unnumbered 5. The trial court did not address this issue because Attorney Gettleman failed to include it in his Concise Statement and the Pennsylvania Superior Court held that the issue was waived. Doc. 8, Ex.15 at 5.

The doctrine of procedural default essentially provides that federal claims may not be addressed by a federal court if a habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule. Here, the Respondent's argument is based on Bledsoe's failure to comply with a state procedural rule. See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977). The procedural default doctrine is inapplicable unless the state procedural rule is "adequate" and "independent." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state rule of procedure is "adequate" if it is

firmly established and applied consistently. See Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996). The Pennsylvania waiver rule meets that test. See Commonwealth v. Lord, 719 A.2d 306, 308 (Pa. 1999). A state rule of procedure is "independent" if it's interpretation does not depend on a federal constitutional ruling. See Ake v. Oklahoma, 470 U.S. 68, 75 (1985). That test is likewise satisfied here. The Pennsylvania procedural rule which requires a litigant to file a Statement of Matters Complained of On Appeal rests on an independent state ground because it has no constitutional underpinnings. See Pa. R. App. P. 1925(b).

There are two exceptions to the procedural default doctrine. A federal legal issue that was not properly raised in the state courts and, therefore, procedurally defaulted may nonetheless be addressed by a federal habeas court if the petitioner shows cause for and actual prejudice stemming from the procedural default. Wainwright, 433 U.S. at 84. In order "[t]o show cause, a petitioner must prove that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996)(internal quotations omitted). To show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." Werts, 228 F.3d at 193 (citations and internal quotations omitted).

6

The second exception permits a federal court to address the merits of a procedurally defaulted claim where a petitioner can establish a miscarriage of justice. Essentially, the second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish "it is more likely than not that no reasonable juror would have convicted him." See Schlup v. Delo, 513 U.S. 298, 326 (1995).

Because the rule of waiver for failing to raise an issue in a Concise Statement is both independent and adequate, Bledsoe has procedurally defaulted this claim, unless he shows cause and prejudice for the default or if he shows a miscarriage of justice.

Through his counsel, the Petitioner offers two 'causes' for his default. First, he argues that Attorney Gettleman did not know that a plea bargain had been offered to Bledsoe at the time he drafted the Concise Statement. In essence, the Petitioner argues that Attorney Gettleman's lack of knowledge was sufficient to establish "cause." This claim lacks merit. "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." Coleman, 501 U.S. at 753 (1991). See also Smith v. Murray, 477 U.S. 527, 535 (9186) ("the mere fact that counsel failed to recognize the factual or legal basis for a

7

claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.") and <u>Fairchild v. Lockhart</u>, 900 F.2d 1292, 1294 (8th Cir. 1990)(counsel's failure to discover available and potentially exculpatory evidence is not a legally sufficient cause).[1]

Finally, the Petitioner has failed to show that the miscarriage of justice exception is applicable here.

    2.   <u>The Remaining Ineffective Assistance of Counsel Claims</u>

        a. <u>Counsel's failure to call character witnesses</u>

The next issue presented by Bledsoe is that his trial counsel was ineffective because she failed to present mitigating evidence by not calling witnesses to testify to Petitioner's good character. <u>See</u> Doc. 1 at unnumbered 9. The Pennsylvania Superior Court addressed the merits of this claim under the standards set out in <u>Commonwealth v. Pierce</u>. Doc. 8, Ex. 15, at 4.

With respect to this claim, citing <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003), Bledsoe argues that the Pennsylvania Superior Court decided a case differently than the United States Supreme Court on a set of materially indistinguishable facts. This claim

---

[1] While it is true that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause", <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986), there is no showing here that the factual basis for the claim was not reasonably available to counsel because Bledsoe knew that a plea offer had been made. Consequently, Attorney Gettleman's apparent lack of knowledge cannot serve as cause. <u>See</u> <u>Coleman</u>, 501 U.S. at 753 ("'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him").

lacks merit. <u>Wiggins</u> was a capital murder case where the Court held that a convicted murderer's trial counsel was ineffective in the penalty phase for not conducting a more detailed investigation into the murderer's life. Clearly, the Petitioner has not satisfied his burden by showing that the facts of <u>Wiggins</u> are materially indistinguishable from the facts of his case.

Nor has Bledsoe shown that the Superior Court's adjudication of his claim was an unreasonable application of federal law. The Superior Court concluded, *inter alia*, that "Bledsoe [failed to] provide sufficient evidence demonstrating that the absence of the [proposed character] witness' testimony [was prejudicial to] him." Doc. 8, Ex. 15 at 7-8.

Viewing this case from Bledsoe's federal habeas petition, he has not established that the reasoning of the Pennsylvania Superior court is an unreasonable application of federal law.

Again, this claim lacks merit.

b. <u>Bledsoe's failure to testify at trial</u>

The next issue is whether trial counsel was ineffective for failing to allow Petitioner to testify on his own behalf. Through counsel, Bledsoe claims that:

> [i]f allowed to testify, Bledsoe would have stated that he and DeBord never lived together. He would further explain how he tried to avoid Ms. DeBord on many occasions and it was she who was often pursuing him. He would have also testified that she was very jealous and could be violent with him at times. He would have further stated that she had said to him that if she could not have him

9

then no one else would.

Doc. 1 at unnumbered 12. Following Pierce, the Pennsylvania Superior Court rejected Bledsoe's claim. Again, in his legal submissions filed in the court, the Petitioner has failed to show that the Superior Court's disposition of this claim was contrary to or an unreasonable application of federal Supreme Court precedent. This claim likewise lacks merit.

### D. Certificate of Appealability

Section 2253 of Title 28 U.S.C. generally governs appeals from district court orders regarding habeas petitions. Section 2253 essentially provides in relevant part that a certificate of appealability, which is a prerequisite for allowing an appeal to a Court of Appeals, should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a habeas petitioner to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" See Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether Bledsoe's petition states a valid claim. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

Dated: December 9, 2005.

cc: The Honorable Gary L. Lancaster
United States District Judge

    Paul R. Gettleman
    R.D. 2
    Box 327
    Portersville, PA 16051
    (412) 521-0500

    Reginald Bledsoe - EL6803
    SCI Mahanoy
    301 Morea Road
    Frackville, PA 17932

    Margaret K. Barker
    Rusheen R. Pettit
    Office of the District Attorney
    401 Allegheny County Courthouse
    Pittsburgh, PA 15219
    (412) 350-4377